**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW FABAL, | : |
| | : |
| Petitioner, | : |
| | : Case No. 2:22-cv-3508 |
| v. | : |
| | : Chief Judge Algenon Marbley |
| WARDEN, NOBLE | : |
| CORRECTIONAL INSTITUTION | : Magistrate Kimberly A. Jolson |
| | : |
| Respondent. | : |

## OPINION & ORDER

On September, 2022, Petitioner Andrew Fabal filed a Petition for Writ of Habeas Corpus. (ECF No. 1). Now before this Court are Petitioner's Motion to hold this case in abeyance (ECF No. 15) and Objection (ECF No. 19) to the Magistrate Judge's Report and Recommendations ("R&R," ECF No. 18). For the reasons stated below, the Magistrate Judge's R&R (ECF No. 18) is **ADOPTED**. Accordingly, Petitioner's Motion and Objection (ECF Nos. 15, 19) are **OVERRULED**, and his Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

Petitioner Andrew Fabal is an inmate at Noble Correctional Institute. (ECF No. 1 at PageID 1). On July 15, 2017, a grand jury in Franklin County, Ohio returned a two-count indictment against Petitioner for Aggravated Vehicular Homicide and Failure to Stop after an Accident. (*Id.*). On February 5, 2020 a jury found Petitioner guilty and the Franklin County Court of Common Pleas subsequently sentenced Petitioner to a term of eleven years imprisonment. (*Id.*).

Petitioner, filed a notice of appeal to the Ohio Court of Appeals (Doc. 6, Ex. 4) alleging two assignments of error:

1. The trial court violated Defendant-Appellant's rights to due process and a fair trial when in the absence of sufficient evidence the trial court found Defendant-Appellant guilty of aggravated vehicular homicide and failure to stop after an accident.

2. Defendant-Appellant was deprived of due process of law and a fair trial as his convictions for aggravated vehicular homicide and failure to stop after an accident were against the manifest weight of the evidence.

(Doc. 6, Ex. 5 at PageID 31).

On May 25, the Ohio Court of Appeals overruled Petitioner's assignments of error. Petitioner then filed a delayers appeal to the Ohio Supreme Court, raising identical issues to those raised in the Appellate Court on August 13, 2021. On December 28, 2021, the Ohio Supreme Court declined to exercise jurisdiction over the appeal. (Doc. 6, Ex. 13).

On October 23, 2020, Petitioner filed a *pro se* petition for post-conviction relief. (Doc. 6, Ex. 14). In that petition, Petitioner alleged that he was denied effective counsel based on the counsel's failure to present evidence of the victim's alleged contributory negligence and intoxication. (*See id.* at PageID 147–48). On November 10, 2020, the trial court denied the petition. (Doc. 6, Ex. 16). Petitioner failed to seek appellate review of the denial.

On August 18, Petitioner filed a *pro se* application to reopen his appeal pursuant to Ohio. App. R. 26(B). He then moved to amend the application, which the Ohio Court of Appeals granted. (*See* Doc. 6, Ex. 17; *see also* Doc. 6, Ex. 21 at PageID 235). In the amended application, Petitioner argued that his appellate counsel was ineffective for failing to raise four assignments of error on direct appeal:

1. Fabal was denied the effective assistance of appellate counsel when his appellate counsel failed to raise on direct appeal issues regarding sufficient evidence of guilt for aggravated vehicular homicide and failure to stop after an accident, in violation 7 of his Sixth and Fourteenth Amendment Rights under the United States Constitution.

2. Fabal was denied the effective assistance of appellate counsel when his

2

appellate counsel failed to raise on direct appeal issues regarding his convictions for aggravated vehicular homicide manifest weight of the evidence, in violation of his Sixth and Fourteenth Amendment Rights under the United States Constitution.

3. Fabal was denied the effective assistance of appellate counsel when his appellate counsel failed to raise on direct appeal issues regarding his trial counsel's failure to challenge the charge of aggravated vehicular homicide, in violation of his Sixth and Fourteenth Amendment Rights under the United States Constitution.

4. Fabal was denied the effective assistance of appellate counsel when his appellate counsel failed to raise on direct appeal issues regarding the court's failure to correctly find that the pedestrian was negligent per se because she failed to comply with both R.C. 4511.46(B) and R.C. 4511.48(A), in violation of Fabal's Sixth and Fourteenth Amendment Rights under the United States Constitution.

(Doc. 6, Ex. 17 at PageID # 195). On November 30, 2021, the Ohio Court of Appeals denied Petitioner's application. (Doc. 6, Ex. 19). Petitioner failed to appeal the decision to the Ohio Supreme Court.

## A. Federal Habeas Corpus Petition

On September 28, 2023, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (*Id.*). Petitioner raises the following grounds for relief:

**GROUND ONE**: The ineffective assistance of Trial Counsel

Supporting Facts: The fact that defense counsel was ineffective in his representation of the defendant for failing to raise the fact that defendant voluntarily turned himself in to the authorities. Defense counsel failed to disclose the fact that the victim violated the traffic laws of the State of Ohio Trial counsel refusal to introduce facts that the victim was impaired by the illegal use of drugs found in the victim system from the state's toxicology report. Defense counsel refuse to include the presentence investigation report done by the trial court itself. and put into evidence on behalf of the defendant to evaluate his psychological profile which trial counsel also refused to put into evidence. Defense counsel refused to consult with the defendant's private investigator and her investigative report of the accident scene 8 or to call the investigator as a witness for the defense. Defendant request a new defense counsel the trial judge refused to allow the defendant right to be heard and barred the defendant from the court room due to the fact that defendant requested to have defense counsel be removed because defense counsel also refused and

rebuffed the attempt have the defendant's input into the trial ad defense counsel became combative in the use of the defendant's prepared strategy to attach the prosecution case against the defendant.

**GROUND TWO**: The ineffective assistance of Appellate Counsel

<u>Supporting Facts</u>: Petitioner was denied the effective assistance of appellate counsel when his appellate counsel failed to raise on direct appeal issue regarding his conviction for aggravated vehicular homicide manifest weight of the evidence, in violation of Petitioner's Sixth and Fourteenth Amendment under the United States Constitution.

**GROUND THREE**: The ineffective assistance of Appellate Counsel

<u>Supporting Facts</u>: Petitioner was denied the effective assistance of appellate counsel when appellate counsel failed to raise on direct appeal issues regarding Petitioner's trial counsel's failure to challenge the charge of aggravated vehicular homicide, in violation of Sixth and Fourteenth Amendments Rights under the United States Constitution and that Appellate failed to challenge the manifest weight of the evidence.

**GROUND FOUR**: The ineffective assistance of Appellate Counsel

<u>Supporting Facts</u>: The Appellate first and for most failed to address the ineffectiveness of trial counsel on the defendant direct appeal on the fact that the trial court refused associate the contributory negligence of the pedestrian for also violating O.R.C.§ 4511.46(B) and O.R.C. § 451148(A) and §4511.481(A) under the Sixth and Fourteenth Amendments to the United States Constitution and that Appellate failed to challenge the manifest weight of the evidence. §4511.48(A) under the Sixth and Fourteenth Amendments to the United States Constitution and that Appellate failed to challenge the manifest weight of the evidence.

(Doc. 1 at PageID # 3–4).

## II.   STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendations, the "judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c). After this review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III.    LAW AND ANALYSIS

A state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1)(c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). If the petitioner fails to present his constitutional claims fairly through the requisite levels of state appellate review to the state's highest court or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan v. Boerckel*, 526 U.S. 838 at 847–48 (1999); *Harris v. Reed*, 489 U.S. 255, 260–62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). Here, the Magistrate Judge concluded that Petitioner procedurally defaulted his ground for relief by failing to present any of his claims to the Ohio Supreme Court. (ECF No. 18, Page ID 18); *See O'Sullivan*, 526 U.S. at 847–48 (holding that failure to raise a claim on discretionary review to the state supreme court results in a procedural default). In his supplemental objection to the Magistrate Judge's R&R, Petitioner objects to the Magistrate Judge's note that Petitioner failed to appeal certain claims and thus waived his right to federal habeas review by way of procedural default. (ECF No. 19 at PageID 1). Petitioner again relies primarily on O.R.C. 2953.21 which states that under Ohio law, a court shall make and file findings of fact and conclusions of law in the event of dismissal or if a court does not find grounds for granting relief. (*Id.* at PageID 2).

Petitioner seeks relief on four separate grounds. In Ground One of his Petition, he alleges that his trial counsel was ineffective for failing to present evidence in his defense at trial. In his October 23, 2020 post-conviction petition, Petitioner argued that trial counsel was ineffective for failing to present a defense that the victim was allegedly intoxicated and failed to yield to oncoming

traffic. Petitioner did not, however, appeal the trial court's denial to the Ohio Court of Appeals or otherwise raise this claim in the Ohio Supreme Court as required by *O'Sullivan*. As such, this claim is procedurally defaulted.

In Grounds Two through Four, Petitioner argues that appellate counsel was ineffective for failing to challenge, on direct appeal, his aggravated vehicular homicide conviction as being against the manifest weight of the evidence (Ground Two). He also argues that trial counsel was ineffective for failing to challenge the aggravated vehicular homicide charge (Ground Three). Finally, he argues that trial counsel failed to raise issues regarding the alleged contributory negligence of the victim (Ground Four). Petitioner raised these claims in his August 18, 2021 application to reopen his appeal, but once again procedurally defaulted them by failing to seek further review from the Ohio Supreme Court.

Petitioner failed to provide a showing of cause and prejudice for the default in the state courts, or that a fundamental miscarriage of justice will occur if the claim is not considered. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris v. Reed*, 489 U.S. 255, 262 (1989). Under the cause and prejudice test, "'cause' … must be something external to the petitioner, something that cannot fairly be attributed to him[;] … some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing that a factual or legal basis for a claim was not previously available." *Wilson v. Hurley*, 382 F. App'x 471, 478 (6th Cir. 2010) (citing *McClesky v. Zant*, 499 U.S. 467, 493–94 (1991)). Here, Petitioner failed to provide the state's highest court with an opportunity to correct the alleged violations of his constitutional rights, so he procedurally defaulted and waived his grounds for relief.

6

Petitioner's primary objection asserts that the cause and prejudice test is sufficiently met because O.R.C. 2953.21 states that Ohio courts shall make and file findings of fact and conclusions of law in the event of dismissal or if a court does not find grounds for granting relief. (ECF No. 19 at PageID 2). The court's failure to do so, he argues, barred him from seeking appeal to the appropriate appellate courts. (*Id.*). This Court is not persuaded.

The Magistrate Judge properly points to the fact that the Ohio Supreme Court has clarified—before the denial of Petitioner's post-conviction petition—that "a trial court's failure to issue findings of fact and conclusions of law does not affect a petitioner's ability to appeal a judgment dismissing or denying postconviction relief but is instead an error that may be remedied through an appeal." *State ex rel Penland v. Dinkelacker*, 164 N.E.3d 336, 340 (Ohio 2020). Accordingly, the trial court's alleged failure to issue findings of fact or conclusions of law did not deprive Petitioner of the ability to appeal the decision and does not serve as cause for his failure to fairly present the claim to the Ohio courts. Finally, Petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495–96; see also *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

## IV.    CONCLUSION

Having considered Petitioner's grounds for relief that he presented to the state trial and appellate courts and his objections to the Magistrate Judge's R&Rs, this Court finds they are without merit. Accordingly, the Magistrate Judge's R&R (ECF No. 18) is hereby **ADOPTED**, Petitioner's Objection (ECF No. 19) is **OVERRULED**, and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**. Furthermore, because

reasonable jurists would not disagree with this conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed.

      **IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  June 12, 2024**